## E. G. MOON v. JULIA ANN MARCH.

1. TAX SALE, *Void; Tax Deed, Void.* Where the owner of ten town lots paid to the county treasurer the amount carried out against the lots on the tax-rolls, with the understanding that said payment included all the taxes assessed and due thereon, and the treasurer issued to · him a receipt including all of said lots, and afterward one of said lots was sold at tax sale for the taxes of that year, and subsequently a tax deed was executed based thereon, *held,* that such tax sale and tax deed are void.

2. ———— *Void Tax Sale and Deed.* Where a town lot is assessed and placed upon the tax-roll, but no tax is carried out on said tax-roll against the lot, and afterward said lot is sold for the taxes of that year, and a tax deed issued thereon, *held,* that such tax sale and tax deed are void.

### *Error from Lyon District Court.*

ACTION brought by *Moon* against *March,* to recover the possession of a certain lot in the city of Emporia. Trial by the court, at the February term, 1887; special findings of fact and conclusions of law, and judgment thereon for the defendant. Plaintiff brings the case here.

*Gillett, Fowler & Sadler,* for plaintiff in error.

*Kellogg & Sedgwick,* for defendant in error.

Opinion by CLOGSTON, C.: The correctness of the decision of the court below depends upon the validity of a tax deed in evidence, and under which the defendant claimed title, issued to C. V. Eskridge, January 6, 1871, for the lot in controversy.

This deed was based upon a tax sale for the year 1867, for the taxes for the year 1866, and was recorded in Lyon county on the 13th day of January, 1871. More than five years having elapsed since the issuing and recording of the deed, and the deed itself being regular upon its face, and the defendant being in possession under and by virtue of said deed, unless such tax proceedings are absolutely void the title thereunder in the defendant must be held good. The plaintiff, to impeach the regularity and validity of the proceedings leading up· to the tax deed, offered in evidence the tax-roll and tax receipt for the taxes on this lot in controversy and other property, for the year 1866. The tax-roll in evidence showed that the plaintiff in error was the owner of ten lots, and that these lots were all assessed, including the lot in controversy, in the name of the plaintiff, and that $135 was the valuation placed on nine of these lots, and a tax levied thereon. As to lot No. 118, no tax was carried out on said roll against it. The record shows that about the 1st of January, 1867, the plaintiff paid to the treasurer of Lyon county $4.32, the amount of tax assessed against these lots, and the tax receipt issued to the plaintiff by the treasurer upon that payment included all of the ten lots. On this evidence the court found, (eleventh finding of fact:) "The payment mentioned in finding No. 2 is intended and understood by the plaintiff E. G. Moon to be a payment in full for all taxes against the lots mentioned in said receipt." The court also found that no tax was carried out on the tax-roll against the lot in controversy.

The plaintiff contends that by reason of this receipt, and the fact that no tax was levied on this lot, a deed based upon a sale for taxes of that year on that lot was absolutely void; while it is insisted by the defendant that this falls within the provisions of §139, of chapter 107, Comp. Laws of 1885, which is as follows:

"No irregularity in the assessment-roll, nor omission from the same, nor mere irregularities of any kind in any of the proceedings, shall invalidate any such proceeding or the title conveyed by the tax deed; nor shall any failure of any officer

or officers to perform the duties assigned him or them upon the day specified, work an invalidation of any such proceeding or of said deed."

If this amounts to an irregularity, then § 139 would cure such irregularity in the assessment. Then § 149 would afford the only relief by which the plaintiff could defeat the tax title, and that would be to show that the taxes had been paid, or the land redeemed according to law, the proceedings not having been commenced within five years from the placing on record of the tax deed. We are of opinion that the failure to assess a tax against this lot is not such an irregularity as is cured by § 139. Here there was no tax assessed at all against this lot. If the plaintiff had desired to pay the tax on that lot alone, and had made his application to the treasurer for that purpose, there was nothing that he could have paid; nothing that the treasurer would have had a right to receive. The treasurer could not assess the lot and place it upon the tax-roll; that was not his duty, and therefore no tax receipt could have issued. This cannot be considered an irregularity. It must render the proceedings void. If there was no tax upon the tax-roll, then no valid sale of the lot could be made for taxes that did not exist.

Again, if it is conceded that this was an irregularity — an omission of the clerk to place it upon the tax-roll — then, under the findings of the court on the tax receipt, which shows that all the taxes assessed against the ten lots, including this lot in controversy, were paid by the plaintiff, and that at the time of the payment it was understood to be a payment upon all the lots, this must be construed as a payment of all the taxes assessed against these lots; and if this was such a payment, then under § 141 it would be sufficient to defeat the deed and the title of the defendant thereunder. Under this view, the decision of the district court must be reversed.

It is recommended that the judgment of the court below be reversed, and a new trial ordered.

By the Court: It is so ordered.

All the Justices concurring.